E-filing

1
JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
2
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
3
7677 Oakport Street, Suite 1120
Oakland, California 94621
4
(510) 839-5200

5
Attorney for Plaintiff

6

7                      UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

LORENZO HALL,                              Case No.  **C09-01047 PJH**
10
                  Plaintiffs,
11                                         **COMPLAINT FOR DAMAGES FOR**
       Vs.                                 **VIOLATION OF CIVIL RIGHTS.**
12                                         **JURY TRIAL DEMANDED**

CITY OF OAKLAND,  a municipal corporation;
13
RAMON ALCANTAR, individually, and in his
14 capacity as a police officer for the CITY OF
OAKLAND;   and, Oakland police officers
15 DOES 1-25, inclusive,

16
                  Defendants.
17
_____/
18

19

20                              JURISDICTION

21     1.       This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is

conferred upon this Court by Title 42 of the United States Code, Sections 1331 and 1343.  The unlawful acts
22
and practices alleged herein occurred in the City of Oakland, County of Alameda, California, which is within
23
this judicial district.
24

25                                PARTIES

26     2.       Plaintiff herein, LORENZO HALL ("HALL"), is and was at all times herein

27 mentioned readily recognizable as an African-America and is a citizen of the United States residing

28 in Alameda County in California.

3. Defendant City of Oakland ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The City operates under its authority the Oakland Police Department.

5. At all times mentioned herein, Defendant RAMON ALCANTAR ("ALCANTAR") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as police officer for the City.

6. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

7. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

8. On June 23, 2006, Plaintiff LORENZO HALL was a pallbearer at the funeral of his aunt, Darlene Collins. Following the funeral, Plaintiff and his family continued the wake of Mrs. Collins at Brookfield Park in Oakland, California. The wake continued into the evening at Mrs. Collins' house on the 6800 block of Avenal Street in Oakland. Plaintiff and numerous family members and mourners were outside the residence on Avenal Street when at least two marked Oakland Police Department vehicles arrived at the scene. Defendant Officer RAMON ALCANTAR and Officer Richard Vass exited the first patrol vehicle that arrived at the scene. Both officers had their guns drawn on members of the mourning family. The officers ordered the men present, including Plaintiff, to lie on the ground. The officers did not give orders to any of the women present, other than telling one woman to turn off her car's engine.

9. Defendant Officer RAMON ALCANTAR approached Plaintiff. At the time of the incident Plaintiff was not familiar with Defendant Officer ALCANTAR or Officer Vass. Defendant

Officer ALCANTAR handcuffed and then pat-searched Plaintiff while Plaintiff was on the ground. The pat search included searching both the front and back of Plaintiff's waistline. Plaintiff possessed no weapons or contraband, and the search revealed no weapons or contraband.

10. Defendant Officer ALCANTAR asked Plaintiff for his name. Plaintiff provided the officer his name. Defendant Officer ALCANTAR then asked Plaintiff whether he was on probation or parole. Plaintiff was on parole at the time of the incident and told the officer that he was on parole. Without explanation, Defendant Officer ALCANTAR put Plaintiff in the back of the patrol vehicle from which the officer had exited.

11. After he was placed in the patrol vehicle, Plaintiff noticed that his younger brother and a younger cousin had been placed in the rear of another patrol vehicle that had arrived at the scene. No one had told Plaintiff why the police were present or why anyone was being detained.

12. Plaintiff then observed Defendant Officer ALCANTAR walk away from another Oakland Police Department officer and approach Plaintiff in the back seat of the patrol vehicle. Once he had returned to the patrol vehicle, Defendant Officer ALCANTAR told Plaintiff through the open police car window, "I found your gun." Plaintiff initially believed the officer was joking. Then Defendant Officer ALCANTAR showed Plaintiff a handgun. Plaintiff did not recognize the handgun, had never seen the gun previously, and knew that he had had no weapon whatsoever. Plaintiff knew at this point that Defendant Officer ALCANTAR was framing him, and Plaintiff yelled out to anyone in the vicinity that the officer was trying to put a gun on him. Numerous people were present and Defendant Officer ALCANTAR rolled up the patrol vehicle's windows after Plaintiff began yelling and alerting others to the officer's fraud.

13. Plaintiff's younger brother and his cousin were released at the scene, and Plaintiff was arrested and driven to the Eastmont Police Station on false charges of being a felon in possession of a firearm.

14. Subsequently, Plaintiff suffered malicious prosecution resulting directly from the police report prepared solely by Defendant Officer ALCANTAR. Defendant Officer ALCANTAR was the sole officer who prepared Oakland Police Department Report Number 06-053019, in which he falsely claimed that he had received information from a purported "reliable confidential

1 | informant" that a man fitting Plaintiff's description was standing in the 6800 block of Avenal street,
2 | on the south sidewalk, with a loaded gun. In that police report, Defendant Officer ALCANTAR
3 | claimed that he ordered Plaintiff to get on the ground, then searched Plaintiff, and falsely claimed to
4 | recover a loaded firearm from Plaintiff's front waistband. The officer then falsely arrested Plaintiff
5 | on charges that Defendant Officer ALCANTAR knew at the time to be false charges, including
6 | allegations of being an Ex-Felon in Possession of a Firearm, a parole violation, being an Ex-Felon in
7 | Possession of Ammunition, Carrying a Concealed Firearm on Plaintiff's Person, and Carrying a
8 | Loaded Firearm in a Public Place.

9 | 15. In fact, the firearm that Defendant Officer ALCANTAR displayed to Plaintiff while
10 | Plaintiff was in the rear of the police vehicle had been recovered from a nearby vehicle that was not
11 | Plaintiff's vehicle. The person who was in possession of the firearm that was intentionally
12 | wrongfully attributed to Plaintiff's possession by Defendant Officer ALCANTAR had in fact been
13 | carrying the firearm in his sole possession for the previous month and had attempted to hide the
14 | firearm in his vehicle when police arrived at the scene on Avenal Street. An officer told him that it
15 | was his "lucky day," indicating that the person who had actually possessed the gun was not being
16 | arrested for the gun.

17 | 16. Numerous witnesses corroborate Plaintiff's account of the incident as alleged herein.

18 | 17. Due solely to Defendant Officer ALCANTAR's fabrications, Plaintiff was held in
19 | custody on the false charges from the date of the incident, June 23, 2006 until sometime in October
20 | 2006, when he maxed out on parole and was able to bail out of jail. The allegation of a parole
21 | violation had previously prevented Plaintiff from bailing out of jail. Plaintiff raised $13,000 to pay a
22 | bail bondsman to cover his $130,000 bail. In February of 2007, the criminal complaint stemming
23 | from the false criminal charges against Plaintiff was amended to add an allegation of a third strike,
24 | which caused Plaintiff's bail to be raised to $500,000. Plaintiff was unable to raise the required bail
25 | bond to be released from custody while he fought the false criminal charges and newly added third
26 | strike allegation. Plaintiff then served an additional 18 months straight in county jail while he
27 | continued to fight the false charges maliciously brought against him.

28 |

1    18.    On June 13, 2007, Plaintiff faced a Preliminary Hearing at which Defendant Officer

2    ALCANTAR was the only percipient witness who provided testimony against Plaintiff. At the

3    preliminary hearing Defendant Officer ALCANTAR repeated the false allegations contained in his

4    police report, and Plaintiff was held to answer.

5    19.    On August 15, 2008, all criminal charges against Plaintiff were dismissed, shortly

6    before a hearing was held on Plaintiff's motion to reconsider an earlier motion to suppress evidence.

7    20.    Plaintiff was released from custody after the false charges were dismissed. Plaintiff

8    had spent a total of 22 months in custody at County jail for crimes that Defendant Officer

9    ALCANTAR knew Plaintiff did not commit. Plaintiff alleges that Defendant Officer ALCANTAR

10   was aware that the false criminal charges he alleged against Plaintiff in his police report would be

11   presented to a District Attorney for charging Plaintiff, and that Plaintiff would likely be kept in jail

12   indefinitely until Plaintiff was either wrongfully convicted of crimes of he did not commit and served

13   any sentence passed upon him, or until charges were dismissed against Plaintiff.

14   21.    The arrest of Plaintiff HALL described herein was malicious, and done without any

15   just cause, proximately causing Plaintiff's injuries and resulting damages.

16                                          DAMAGES

17   22.    As a proximate result of Defendants' conduct, Plaintiff HALL suffered wrongful

18   arrest, incarceration and malicious prosecution. Plaintiff suffered severe and extreme emotional

19   distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as

20   United States citizens.

21   23.    As a further proximate result of Defendants' conduct, Plaintiff was held in custody for

22   approximately 22 months and lost job and career opportunities in his profession as a musical

23   recording artist.

24   24.    The conduct of defendant officers ALCANTAR and DOES 1-10 was malicious,

25   wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said

26   defendant police officers of the CITY.

27

28

25. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officers ALCANTAR and DOES 1-10)

26. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

27. In doing the acts complained of herein, Defendants ALCANTAR and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff's action specifically includes, but is not limited to, a claim for malicious prosecution that wrongfully kept Plaintiff incarcerated, by Defendant Officer ALCANTAR, and DOES 1-10, intentionally deceiving the District Attorney's office into filing and pursuing false criminal charges against Plaintiff;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from arrest without probable cause by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 6

1     e.     The right to be free from interference within the zone of privacy, as protected by the

2     Fourth and Ninth Amendments to the United States Constitution;

3  
4     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

5                     SECOND CAUSE OF ACTION
                       (42 U.S.C. section 1983)
6           (Against Defendants TUCKER, CITY OF OAKLAND)

7     28.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through

8  28 of this Complaint.

9  
10     29.     As against Defendant CITY, Defendant TUCKER and/or DOES 11-25 in his/their

11  capacity as official policy-maker(s) for the CITY OF OAKLAND, Plaintiff further alleges that the

12  acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated

13  course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a

14  custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police

15  authority, and disregard for the constitutional rights of citizens.

16  
17     30.     Plaintiff is further informed and believes and thereon alleges that the acts and

18  omissions alleged herein are the direct and proximate result of the deliberate indifference of

19  Defendants CITY, TUCKER, DOES 11-25, and each of them, to repeated acts of police misconduct

20  which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant

21  TUCKER, DOES 11-25, and each of them.

22  
23     31.     The injuries and damages to Plaintiff as alleged herein were the foreseeable and

24  proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant

25  TUCKER, DOES 11-25, and each of them.

26  
27     32.     Plaintiff is further informed and believes and thereon alleges that the damages

28  sustained as alleged herein were the direct and proximate result of municipal customs and/or policies

1    of deliberate indifference in the training, supervision and/or discipline of members of the Defendant

2    OAKLAND Police Department.

3

4          33.      Plaintiff is further informed and believes and upon such information and belief allege

5    that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of

6    Defendant CITY, Defendant TUCKER, DOES 11-25, and each of them, of deliberate indifference in

7    the training, supervision and/or discipline of Defendant ALCANTAR, DOES 1-10, and/or each of

8    them.

9

10         34.      The aforementioned customs, policies or practices of Defendant CITY, Defendant

11    TUCKER, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional

12    rights including, but not limited to, the following:

13          a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

14              and Fourteenth Amendments to the United States Constitution. Plaintiff's action

15

16              specifically includes, but is not limited to, a claim for malicious prosecution that

17              wrongfully kept Plaintiff incarcerated, by Defendant Officer ALCANTAR, and DOES 1-

18              10, intentionally deceiving the District Attorney's office into filing and pursuing false

19              criminal charges against Plaintiff;

20          b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by

21

22              the Fifth and Fourteenth Amendments to the United States Constitution;

23          c.   The right to be free from arrest without probable cause by police officers, which is

24              guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States

25              Constitution;

26          d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to

27

28              the United States Constitution; and/or,

1   e. The right to be free from interference within the zone of privacy, as protected by the

2    Fourth and Ninth Amendments to the United States Constitution.

3

4   35. Said rights are substantive guarantees under the Fourth and/or Fourteenth

5 Amendments to the United States Constitution.

6   WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

7          THIRD CAUSE OF ACTION
            JURY DEMAND

8

9   36. Plaintiff hereby demands a jury trial in this action.

10           PRAYER

11 WHEREFORE, Plaintiff prays for relief, as follows:

12   1. For general damages in a sum of $1,000,000.00;

13   2. For special damages in a sum according to proof;

14   3. For punitive damages in a sum according to proof;

15   4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

16   5. For cost of suit herein incurred; and

17   6. For such other and further relief as the Court deems just and proper.

18

19 Dated: March 5, 2009      **The Law Offices of John L. Burris**

20

21            John L. Burris

22            Attorney for Plaintiff

23

24

25

26

27

28